UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAIM KAPLAN, *et al.*, | |
| *Plaintiffs*, | |
| *v.* | Case No. 1:10-CV-00483 (RWR) |
| CENTRAL BANK OF THE ISLAMIC REPUBLIC OF IRAN, *et al.*, | |
| *Defendants*. | |

**BANK SADERAT IRAN AND BANK SADERAT PLC'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Frank C. Razzano
Ivan B. Knauer
Jeremy D. Frey
Matthew D. Foster
John C. Snodgrass

PEPPER HAMILTON LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, DC 20005-2004
(202) 220-1200

*Counsel for Defendants
Bank Saderat Iran and
Bank Saderat PLC*

February 14, 2011

Defendants Bank Saderat Iran ("BSI") and Bank Saderat PLC ("BSPLC") submit this notice of supplemental authority in support of their motion to dismiss, filed August 23, 2010 (ECF No. 15). In that motion, BSI and BSPLC seek dismissal of the complaint, including plaintiffs' Fifth Claim, which asserts that BSI and BSPLC are liable to the Israeli Plaintiffs under the Alien Tort Claims Act ("ATCA"), 28 U.S.C. § 1350, for "violations of the law of nations." Since the motion was filed, the United States Court of Appeals for the Second Circuit ruled, in *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 149 (2d Cir. 2010) (as amended Dec. 21, 2010), *reh'g en banc denied*, 2011 U.S. App. LEXIS 2200 (Feb. 4, 2011), that corporations may not be sued under ATCA for violations of the law of nations. *Id.* at 149. A concurring opinion in *Kiobel* also supports BSI and BSPLC's assertion that the plaintiffs' complaint is defective for failure adequately to plead specific facts supporting their ATCA claim.

## I.    Corporations Have No Liability Under ATCA

*Kiobel* involved ATCA claims by Nigerian citizens against Dutch, British, and Nigerian corporate defendants alleging that the defendants had aided and abetted violations of the law of nations. The Second Circuit determined that customary international law governs the court's subject matter jurisdiction and found that violations of the law of nations are within the scope of the ATCA. *Id.* at 125-145. But after reviewing international law and its various sources, the court found that corporate liability is "not recognized as 'specific, universal and obligatory' norm," and is therefore "not a rule of customary international law that we may apply under the ATS [ATCA]." *Id.* at 145. The court therefore upheld the dismissal of the complaint for lack of subject matter jurisdiction. *Id.* at 149.

In his opinion concurring in the denial of the appellants' petition for en banc rehearing, Chief Judge Jacobs provided more insight into the issue resolved by the Second Circuit in *Kiobel*:

> The majority opinion demonstrates why ATS [ATCA] suits against corporations are foreclosed.  It is a matter of great importance to say so, in order to promote international comity, to administer efficient handling of cases, and to avoid the use of our courts to extort settlements."

*Kiobel*, 2011 U.S. App. LEXIS 2200, at *1.[1]

*Kiobel* is direct and persuasive authority that corporations like BSI and BSPLC[2] cannot be held liable under ATCA for violations of the law of nations, and therefore supports BSI and BSPLC's argument that plaintiffs' Fifth Claim must be dismissed for lack of subject matter jurisdiction.

## II.     The Concurring Opinion in *Kiobel* Supports BSI and BSPLC's Argument That the Complaint Is Insufficient Under *Iqbal* and *Twombly*

The concurring opinion by Judge Leval supports BSI and BSPLC's argument that the complaint should be dismissed because plaintiffs have failed to plead specific plausible facts supporting their claim.  Judge Leval found that the *Kiobel* plaintiffs failed to state a claim under ATCA because they failed to allege specific facts supporting a "reasonable inference that the

---

[1]  The panel noted but declined to reach the issue raised in BSI and BSPLC's motion to dismiss: that ATCA cannot be applied extraterritorially and without any nexus to the United States.  *See Kiobel*, 621 F.3d at 117 n. 10.  As to extraterritoriality issues generally under ATCA, see Judge Kleinfeld's dissent in *Sarei v. Rio Tinto*, 625 F.3d 561 (9th Cir. 2010) (arising in the context of a mediation order entered before any finding of subject matter jurisdiction).  There, Judge Kleinfeld observed that, although the plaintiff was a resident alien at the time the complaint was filed (but not thereafter), the absence of any nexus of the case to the United States rendered it likely that "we lack subject matter jurisdiction on account of extraterritoriality."  *Id.* at 563.  Echoing the same sentiment expressed by Chief Judge Jacobs in *Kiobel*, Judge Kleinfeld noted that the case "involves a delicate matter of a foreign war and a foreign peace, combined with an effective procedural device for taking very large sums of money from deep-pocket defendants."  *Id.* at 566.

[2] There can be no dispute that BSI and BSPLC are corporations.  *See* Compl. ¶ 15 (alleging that BSI "is a bank incorporated in Iran"), and ¶ 16 (alleging that BSPLC "is a bank incorporated in the United Kingdom").

-2-

defendant acted with a purpose of bringing about the abuses." *Kiobel*, 621 F.3d at 188.  Judge

Leval explained:

> An enterprise engaged in finance may well provide financing to a
> government, in order to earn profits derived from interest
> payments, with knowledge that the government's operations
> involve the infliction of human rights abuses.  Possession of such
> knowledge would not support the inference that the financier acted
> with the purpose to advance the human rights abuses.  Likewise, an
> entity engaged in petroleum exploration and extraction may well
> provide financing and assistance to the local government in order
> to obtain protection…with knowledge that the government acts
> abusively in providing the protection.  Knowledge of the
> government's repeated pattern of abuses and expectation that they
> will be repeated, however, is not the same as a purpose to advance
> or facilitate such abuses….

*Id.* at 193.

Plaintiffs in this case have similarly failed to allege any specific facts that would

support a reasonable inference that BSI or BSPLC acted with the purpose of bringing about the

alleged attacks.  Indeed, the complaint does not even allege that BSI or BSPLC transferred any

funds directly to any terrorist organization.  It is bereft of any specific factual allegations that

would support a reasonable judgment that BSI or BSPLC acted with the purpose of facilitating

terrorist attacks.  Under the Supreme Court's rulings in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009),

and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), plaintiffs' conclusory allegations are

insufficient.  *See Kiobel*, 621 F.3d at 191-94 (finding plaintiffs' allegations of purpose

insufficient in light of *Iqbal* and *Twombly*).

Accordingly, under the Second Circuit's ruling in *Kiobel*, plaintiffs' Fifth Claim

should be dismissed because (i) BSI and BSPLC are corporations without liability under ATCA;

and (ii) plaintiffs' complaint is insufficient under *Iqbal* and *Twombly*.

Respectfully submitted,

February 14, 2011

/Frank C. Razzano/
Frank C. Razzano
Ivan B. Knauer
Jeremy D. Frey
Matthew D. Foster
John C. Snodgrass
PEPPER HAMILTON LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, DC 20005-2004
(202) 220-1200

*Counsel for Defendants*
*Bank Saderat Iran and Bank Saderat PLC*

## CERTIFICATE OF SERVICE

I certify that on February 14, 2011, I filed the foregoing document via ECF with the understanding that the ECF system would automatically serve counsel for the parties.

/John C. Snodgrass/

#13856693 v1