UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAIM KAPLAN, *et al.*, <br><br> *Plaintiffs*, <br><br> *v.* <br><br> CENTRAL BANK OF THE <br> ISLAMIC REPUBLIC OF IRAN, *et al.*, <br><br> *Defendants*. | Case No. 1:10-CV-00483 (RCL) |

**OPPOSITION OF DEFENDANTS BANK SADERAT IRAN ("BSI") AND BANK SADERAT PLC ("BSPLC") TO PLAINTIFFS' MOTION PURSUANT TO RULE 54(B) FOR FINAL JUDGMENT ON THE ORDER DISMISSING ALL CLAIMS AGAINST DEFENDANTS BSI AND BSPLC, OR PURSUANT TO 28 U.S.C. § 1292(B) FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL OF THAT ORDER**

BSI and BSPLC oppose plaintiffs' motion, which should be denied as moot. The Court's Order of August 20, 2013 (the "Order") dismissing the complaint against these defendants was then a final order under 28 U.S.C. § 1291. At the time the Order was entered, there were no other parties to the action since no other defendants had then been served. There is no basis for re-designating the Order as "final" now under Fed. R. Civ. P. 54(b), or for an "interlocutory appeal" of the Order under § 1292(b). The time to appeal the Order expired long ago, and cannot be re-set through this procedural motion.

**I.      BACKGROUND**

On March 23, 2010, plaintiffs filed their complaint against Central Bank of the Islamic Republic of Iran ("CBI"), BSI, BSPLC, the Islamic Republic of Iran ("IRI") and related John Doe defendants. (Dkt. 3). On March 23, 2010, the Clerk of Court issued summonses for

1

BSI, BSPLC, CBI and IRI.  (Dkt. 4).  On May 11, 2010, the Clerk mailed a copy of the summons and complaint to BSPLC.  (Dkt. 6).  On June 16, 2010, counsel for BSPLC filed a consent motion for an extension of time to respond to the complaint.  (Dkt. 7).  On June 25, 2010, plaintiffs filed an affidavit of service as to BSI.  (Dkt. 11).  On July 28, 2010, counsel for BSI and BSPLC filed a consent motion to respond and set a briefing schedule.  (Dkt. 14).

On August 23, 2010, BSI and BSPLC filed a motion to dismiss all counts against these defendants.  (Dkt. 15).  At that time, plaintiffs had not served the remaining defendants (CBI and IRI), and would not even purportedly accomplish service on these defendants until more than three years later.  On March 18, 2013, this Court issued an order to show cause why the claims against the defendants IRI and CBI should not be dismissed for want of prosecution.  (Dkt. 29).  Plaintiffs' responded by stating they would seek to serve the remaining defendants in April 2013.  (Dkt. 30).  Such service of process, however, was not accomplished since plaintiffs again futilely sought service on CBI and IRI through the same method that failed almost three years earlier.  (Dkt. 36).

On June 17, 2013, this case was formally reassigned from Judge Roberts to this Court.  (Dkt. 38).  On August 20, 2013, this Court entered the separate Order (Dkt. 41) and an Opinion (Dkt. 42) granting BSI's and BSPLC's motion to dismiss the complaint.[1]  The Court also ordered plaintiffs to "commence service of process through diplomatic channels on

---

[1] The Court's Order dismissed the case on various grounds asserted by BSI and BSPLC, but simply did not address (because it was unnecessary) BSI's and BSPLC's claims that there was no personal jurisdiction over them.  Of course, BSI and BSPLC continue to assert and do not waive any issue regarding the lack of personal jurisdiction over them in the first instance.  We make this note both for the benefit of the record, but also because plaintiffs' Memorandum on this motion offers along the way that the Court's Order and Opinion implicitly denied BSI and BSPLC's motion for lack of personal jurisdiction.  Plaintiffs' Memorandum at page 3 and fn. 4. (Dkt. 58).  Because that is simply not so (and because plaintiffs' argument is gratuitous in this context), it is better not to let the matter pass without this brief note.

2

remaining defendants [CBI and IRI] within 21 days of this order." (Dkt. 41). Accordingly, at the time of the Order, BSI and BSPLC were the only served parties in this case.

On September 9, 2013, plaintiffs' filed a motion to clarify the Order with respect to certain matters relating to possible service of CBI and IRI. (Dkt. 43). There was nothing sought or provided about the finality of the Order. Finally, on March 25, 2014, plaintiffs filed their affidavit of service as to CBI and IRI (Dkt. 47) indicating service was effected February 16, 2014. In short, no other defendant was served in this case for 180 days after entry of the Order dismissing the case as to BSI and BSPLC.

## II.    SUMMARY OF THE ARGUMENT

The Order was a final order for purposes of appeal when it was entered on August 20, 2013. Plaintiffs had 30 days from the entry of the Order to file a notice of appeal under Fed. R. App. P. 4(a)(1)(A), but did not do so. Plaintiffs attempt to circumvent this limitation by relying on Fed. R. Civ. P. 54(b). Rule 54(b) is inapplicable, however, since it only applies when there are remaining parties to the action. There were no such parties to the case when the Order was entered. BSI and BSPLC were then the only served defendants.

As an alternative, plaintiffs request that the Court enter an order certifying the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). However, 28 U.S.C. § 1292(b) does not apply to final orders. *See* 28 U.S.C. § 1291. Even if that were not the case, the requirement that an interlocutory appeal advance termination of the litigation cannot be met, and the motion is untimely.

The plaintiffs' procedural motion effectively seeks to re-set the time for appeal of the Order. The motion, however, must be denied as moot, since the Order was final in 2013.

### III.   LEGAL ARGUMENT

28 U.S.C. § 1291 states that federal courts of appeal have jurisdiction over appeals from final decisions of the district courts.  Fed. R. App. P. 4(a) provides that an appeal from a decision of a district court in a civil case may only be taken by filing a notice of appeal "within 30 days after the judgment or order appealed from is entered."  Timely filing of a notice of appeal in a civil case is jurisdictional.  *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

In this case, the Court's separate Order and related Opinion dismissing all claims against BSI and BSPLC, a final decision on the merits, were entered on August 20, 2013.  (Dkt. 41 & 42).  The docket does not show the filing of any notice of appeal within 30 days of the Order.  Without more, plaintiffs' motion for a final order or in the alternative for certification of an interlocutory appeal must be denied.

#### A.   Plaintiffs' Reliance On Rule 54(b) Is Misplaced

Plaintiffs assert that the Order was, in essence, not final since at the time CBI and IRI were defendants in the case even though they would apparently not be properly served for six more months.  Plaintiffs rely on Fed. R. Civ. P. 54(b) for the proposition that when an action has multiple *parties,* the "court may direct entry of a final judgment as to one or more parties only if the court expressly determines that there is no just reason for delay."  Otherwise, says Rule 54(b), an order that adjudicates the rights of fewer than "all the parties" does not end the action.

Plaintiffs simply misapply Rule 54(b) here.  The law in this Circuit and many others on this point is clear and well-established:  an improperly served defendant or an unserved defendant is not a "party" for these purposes.  *Cambridge Holding Corp., Inc. v. Fed. Ins. Co.*, 489 F.3d 1356, 1360-61 (D.C. Cir. 2007), is dispositive of plaintiffs' claims and motion.  In *Cambridge,* the D.C. Circuit flatly held that "defendants that have not been subject to effective service are not 'parties' within the meaning of Rule 54(b)."  *Id.*

4

*Cambridge's* holding arose in the context of the plaintiff's action against defendants Federal Insurance Company, Babb, Inc. and Mr. Landy. Counts 1-4 of the *Cambridge* complaint sought damages only against Federal and Babb, while the remaining count 5 sought an injunction only against Mr. Landy. 489 F.3d at 1358. Federal and Babb filed motions to dismiss, which the district court granted without addressing the sole remaining count against Landy. *Id*. At the time, Landy had not been properly served. The case lay dormant for about a year until the district court scheduled a status conference, and then dismissed the sole remaining count against Landy. There was a separate order entered titled "Final Order." *Id*.

Plaintiff in *Cambridge* filed a notice of appeal within 30 days of the "Final Order" seeking to appeal the earlier dismissal of claims against Federal. Plaintiff argued that the appeal was timely because the order granting the motion to dismiss Federal (almost a year before) was not a final order. They argued that Landy had not been dismissed until the "Final Order" and the earlier dismissal of Federal did not dispose of the action as to all "parties" under Fed. R. Civ. P. 54(b). The D.C. Circuit disagreed.

In *Cambridge*, the D.C. Circuit held that Landy, as an unserved defendant at the time of the entry of the order dismissing Federal and Babb, was not a "party" for purposes of the Rule 54(b) analysis. *Id*. at 1360. Since the order as to Federal and Babb dismissed all the then extant parties, that dismissal order was a final order when entered for purposes of appeal. Plaintiff's failure in *Cambridge* to notice its appeal within 30 days of that order forfeited its appeal as to Federal. *Id*. at 1364. In support of its holding, the D.C. Circuit noted that its holding aligned with those of eight other Circuits.[2]

---

[2] The Court cited to the following cases, which remain good law: *Leonhard v. United States*, 633 F.2d 599, 608 (2d Cir. 1980); *Gomez v. Gov't of the Virgin Islands*, 882 F.2d 733, 736 (3d Cir. 1989); *Swanson v. Whitmare*, 849 F.2d 606 (4th Cir. 1988); *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 n.1 (5th Cir. 2003); *Smith v. Bd. of County Comm'rs*, No.97-3107, 1998 WL 321045, at *1 (6th Cir. June 2, 1998); *Young v. Mount Hawley*

The D.C. Circuit's holding in *Cambridge* is not just a technical application of Rule 54(b), but makes good sense as well. Not every order in the course of litigation can be subject to appeal when entered. Appeals need consolidation of the issues to avoid interminable piecemeal appellate litigation. That concern is absent when a dismissal order is entered as to all extant parties on all counts, even though there might be other unserved (or improperly served) defendants still left in the complaint.

This reasoning has been uniformly supported by commentators as well as courts. *See* 10 James Wm. Moore, *Moore's Federal Practice* § 54.25[2] (3d ed. 2011) ("[I]f the unadjudicated claims relate only to defendants who were not served with process and thus never properly made parties, it is generally held that an order disposing of the interests of the parties who actively participated in the litigation is final despite the absence of a Rule 54(b) certificate."); 15A Charles A. Wright et al., *Federal Practice and Procedure*: Jurisdiction § 3914.7 (2d ed. 1992) ("It is widely agreed that defendants who have not been served with process are not counted; a disposition as to all those who have been served is final.").

In this case, it is indisputable that neither CBI nor IRI had been properly served by the time of the entry of the Order. In fact, at that time, this Court specifically held and ordered that "plaintiffs have yet to accomplish service of process on these defendants more than three years after the complaint was filed, [therefore] plaintiffs shall, within 21 days of this Order, commence service of process…." (Dkt. 41). The record could not be clearer. Plaintiffs were even on notice this was a final order, and therefore that delay would waive any appeal of the Order. The issue is before us apparently because the plaintiffs, having initially decided to waive

---

*Ins. Co.*, 864 F.2d 81, 83 (8th Cir. 1988); *Raiser v. Utah County*, 409 F.3d 1243, 1245 n.2 (10th Cir. 2005); *Insinga v. LaBella*, 817 F.2d 1469, 1470 (11th Cir. 1987); *c.f., Manley v. City of Chicago*, 236 F.3d 392 (7th Cir. 2001) and *Disabled Rights Action v. Las Vegas Events*, 375 F.3d 861 (9th Cir. 2003).

any appeal of the Order in 2013, now have thought better of it. They want to re-set the time to appeal because of the recently-determined collateral estoppel effect of the Order in *Licci v. Lebanese Canadian Bank*, 08-cv-7253 (GBD)(S.D.N.Y.), as explained by plaintiffs. Plaintiffs' Memorandum at 5. (Dkt. 58).

As in *Cambridge*, this Court's Order was final for purposes of appeal on August 20, 2013. The *Kaplan* plaintiffs never timely filed a notice of appeal or otherwise, and thereby waived their appeal rights in all respects as to the Order long ago. Plaintiffs' motion to now have the Order designated as "final" must be denied as moot since the Order was a final order in 2013.

### B. Plaintiff's Reliance on 28 U.S.C. § 1292(b) is Misplaced

In the alternative, Plaintiffs seek an order of the Court certifying the Order for an interlocutory appeal under 28 U.S.C. § 1292(b). This is, of course, unavailing. By its terms, § 1292(b) pertains to orders "not otherwise appealable." The Order was a final order under § 1291, and therefore by definition is not an order within § 1292(b). *Wash. Metro. Area Transit Comm'n v. Reliable Limousine Serv.*, LLC, 776 F.3d 1, 8-9 (D.C. Cir. 2015) (contrasting a "final" order under § 1291 with an interlocutory order under § 1292).

Without pausing to address each of the requirements for certification under § 1292(b), even if the Order were not a final order, there is no conceivable basis for this Court to conclude in this case that "immediate appeal of the order may materially advance the ultimate termination of the litigation."

Finally, this motion under § 1292(b) is untimely by any measure. To be sure, neither § 1292(b) nor the applicable appellate rule provide any specific time limit for such a motion as the plaintiffs make here. But many other courts have denied § 1292(b) motions as untimely when not made shortly after entry of the subject order. *Morton College Bd. of Trustees v. Town of Cicero*, 25 F. Supp. 2d 882, 885 (N.D. Ill. 1989) (one month untimely); *Richardson*

*Elecs., Ltd v. Panache Broadcasting of Pa. Inc.*, 202 F.3d 957, 958 (7th Cir. 2000)(two month delay "inexcusably dilatory"); *Scholl v. United States*, 68 Fed Cl. 58, 60 (Fed Cl. 2005)(six month delay untimely); *Martens v. Smith Barney, Inc.*, 238 F. Supp. 2d 596, 601 (S.D.N.Y. 2002)(five month delay rendered motion untimely); *Fabricant v. Sears Roebuck*, 2001 WL 883303 (S.D. Fla. Jan. 29, 2001)(denying motion to certify as untimely after 46 day delay). In the context of interlocutory appeals, timely requests for certification are calculated in days and not in months, much less in years. Almost two years has passed since entry of the Order. Even if the Order were not a final order, this motion under § 1292(b) would be untimely.

### IV.   CONCLUSION

The Order was a final order for purposes of appeal when it was entered in 2013. The plaintiffs' motion to designate the Order as "final" now under Rule 54(b), or in the alternative for certification of an "interlocutory appeal" of the Order, must be denied as moot.

Date:  June 15, 2015                          Respectfully submitted,

/s/ Matthew D. Foster
Jeremy D. Frey (*Admitted Pro Hac Vice*)
Matthew D. Foster (DC Bar No. 503057)
PEPPER HAMILTON LLP
600 Fourteenth Street, N.W.
Washington, DC  20005-2004
fosterm@pepperlaw.com
Telephone:  202.220.1235
Facsimile:  202.220.1665

*Counsel for Defendants*
*Bank Saderat Iran and Bank Saderat PLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of June, 2015, I caused the foregoing Opposition to Plaintiffs' Motion Pursuant to Rule 54(b) for Final Judgment on the Order Dismissing All Claims Against Defendants BSI and BSPLC, or Pursuant to 28 U.S.C. § 1292(b) for Certification of an Interlocutory Appeal of that Order to be served via the Court's ECF electronic filing system, which automatically serves counsel of record for the parties in this matter.

/s/ Matthew D. Foster