# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CHAIM KAPLAN, *et al.*,

        Plaintiffs,

    v.

CENTRAL BANK OF THE ISLAMIC
REPUBLIC OF IRAN, *et al.*,

        Defendants.

Civ. No. 10-483(RCL)

## PLAINTIFFS' MOTION FOR RECONSIDERATION

COME NOW the plaintiffs, by and through their undersigned counsel, and respectfully move this Court pursuant to the Court's inherent authority and Fed. R. Civ. P. 54(b) for an Order:

(1) RECONISDERING the Court's July 23, 2014 Order [DE 53] dismissing plaintiffs' claims against the Central Bank of Iran ("CBI") and ENTERING JUDGMENT in favor of plaintiffs and against CBI.

(2) To grant any other relief the Court finds just, necessary or appropriate.

Dated: December 15, 2015

Respectfully submitted,

_____
Robert J. Tolchin
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
rtolchin@berkmanlaw.com

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHAIM KAPLAN, *et al.*,

        Plaintiffs,

        v.

CENTRAL BANK OF THE ISLAMIC
REPUBLIC OF IRAN, *et al.*,

        Defendants.

Civ. No. 10-483(RCL)

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR RECONSIDERATION**

Plaintiffs hereby file this Memorandum in support of their Motion for Reconsideration of the Court's July 23, 2014 order dismissing plaintiffs' claims against the Central Bank of Iran ("CBI") [DE 53] and respectfully state as follows:

**BACKGROUND**

Plaintiffs are approximately 35 (mostly U.S. citizens) victims of the Hezbollah terrorist organization's rocket attacks in Israel that occurred from July 12, 2006 through August 14, 2006 (the "Hezbollah Rocket Attacks"). In April 2009, plaintiffs commenced an action against North Korea pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605A, (Case No. 09-646-RCL) for its provision of material support to Hezbollah. Thereafter, in March 2010, plaintiffs commenced this action, pursuant to FSIA § 1605A, against the Islamic Republic of Iran ("Iran") and the Central Bank of Iran ("CBI")[1] for their provision of material support to Hezbollah. All of these defendants defaulted. On May 21, 2010, The Clerk entered default

---

[1] Plaintiffs also named as defendants Bank Saderat Iran and Bank Saderat Iran PLLC. These defendants filed a motion to dismiss and the claims against them were dismissed by order dated August 20, 2013. DE 41.

1

against North Korea in Case No. 09-646. DE 17. On May 12, 2014, the Clerk entered default against Iran and CBI in this case. DE 50. That same day, plaintiffs filed a Motion for Entry of Default against all three defendants. DE 51; and Case No. 09-646 DE 53.

On May 27, 2014, the Court held an evidentiary hearing where the plaintiffs presented evidence in the form of expert testimony concerning the liability of North Korea and Iran for plaintiffs' injuries on account of their provision of material support to Hezbollah in the period prior to and during the Hezbollah Rocket Attacks. At that time, plaintiffs did not present evidence concerning the liability of CBI.

By order dated July 23, 2014, the Court granted plaintiffs' default motion with respect to North Korea and Iran and denied the motion with respect to CBI. DE 53. Without notice to the plaintiffs, the Court further dismissed the claims against CBI because plaintiffs had not presented evidence concerning CBI's liability at the May 27, 2014 hearing. *Id*. In its accompanying memorandum opinion, the Court found with respect to Iran:

> [] Iran . . . provided material support to Hezbollah for the rocket attacks. This Court has previously held that Iran supports Hezbollah. *See, e.g., Estate of Heiser v. Islamic Republic of Iran,* 466 F.Supp.2d 229 (D.D.C.2006); *Peterson v. Islamic Republic of Iran,* 264 F.Supp.2d 46 (D.D.C.2003). The same relationship was present in 2006, concluded Professor Bechtol at the hearing:
>
> * * *
>
> With respect to the rocket attacks, the Court finds that Iran assisted Hezbollah in the same respects North Korea did, most generally by providing the funds for the assistance.
>
> * * *

2

Based on the allegations in Plaintiffs' Amended Complaint and the evidence presented by plaintiffs, there can be no doubt that North Korea and Iran provided material support to Hezbollah.

DE 54 at 12; 17.

By order dated October 1, 2014, the Court referred this case to a Special Master – Alan Balaran – to take and report the evidence of plaintiffs' damages. DE 55. Plaintiffs have completed their evidentiary submissions to the Special Master and expect him to submit his Report to the Court in the near future.

Plaintiffs now ask the court to reconsider its dismissal of their claims against CBI so that they may present evidence on CBI's liability for the Hezbollah Rocket Attacks. In support of this Motion, plaintiffs attach as Exhibits A, B and C, Proposed Findings of Fact and Conclusions of Law together with the Expert Declarations of Dr. Patrick Clawson and Benjamin Weinthal concerning the liability of CBI for its provision of material support to Hezbollah during the relevant period. Consideration by the Court of this new evidence with regard to CBI will have no effect on the Special Master's findings on damages, which will apply equally to each of the three defendants (North Korea, Iran and CBI), all of whom defaulted.

## ARGUMENT

"[I]t is well established that a district court has the inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *U.S. v. Rezaq*, 899 F. Supp. 697, 701 (D.D.C. 1995); *see also Bailey v. Potter*, 498 F. Supp.2d 320, 321 (D.D.C. 2007). This authority is not dependent on any particular federal rule and is subject to the district court's discretion. *Rezaq* at 701.

3

In addition, Federal Rule 54(b) permits courts to review any order "which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties," at any time prior to entry of a final judgment, as justice requires. Fed. R. Civ. P. 54(b). *See also North v. United States Dep't of Justice*, 810 F. Supp.2d 205, 207 (D.D.C. 2011). The Rule 54(b) standard is "a lenient one that differs from the standards applied to final judgments . . ." *Corrigan v. District of Columbia*, 2015 WL 5031364, at *5 (D.D.C. Aug. 25, 2015) (citations and internal quotations omitted). Applying the "as justice requires" standard requires consideration of matters such as:

> whether the court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the court by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts has occurred since the submission of the issue to the Court.

*Id*. (citations and internal quotations omitted). Courts have great discretion in applying the "as justice requires" standard. *See, e.g., Scott v. Conley*, 937 F. Supp. 2d 60, 65 (D.D.C. 2013).

Plaintiffs satisfy this standard. *First,* the Court dismissed plaintiffs' claims against CBI *sua sponte* without notice to plaintiffs and without giving them an opportunity to submit evidence as to CBI's liability. Since the Court did not have before it the evidence concerning CBI's liability, the dismissal was beyond "the adversarial issues presented to the court by the parties." *Corrigan*, 2015 WL 5031364 at *5.

*Second*, the dismissal was a legal error. Other courts have found *sua sponte* dismissals without notice to be error. *See, e.g*., *Smith-Bey v. Cripe*, 852 F.2d 592, (D.C. Cir. 1988) (district court's *sua sponte* dismissal without notice for failure to effect service was improper); *Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 18 (1st Cir. 2014) (*sua sponte* dismissal without notice was legal error); *Kaufman v. St. Louis S.I. Ltd*., 18 F.3d 610, 612 (8th

4

Cir. 1994); *Saylor v. Bastedo*, 238 F.2d 230, 238 (2nd Cir. 1980) (trial judge abused discretion by dismissing case for lack of prosecution *sua sponte* without notice). While a court may dismiss a complaint *sua sponte* and without notice where "it is 'patently obvious' that the plaintiff cannot prevail on the facts alleged in the complaint," that is not the case here. *Maldonado-Arce v. Peter*, 2010 WL 724706, at * 1 (D.D.C. Feb. 24, 2010). Plaintiffs' claims against CBI are well founded, as demonstrated by the Expert Declarations of Dr. Patrick Clawson and Benjamin Weinthal. Exhibits B and C hereto.

*Third*, the Court now has before it new evidence in the form of the Expert Declarations of Dr. Patrick Clawson and Benjamin Weinthal, both of whom opine that CBI provided funding to Hezbollah prior to and during the Hezbollah Rocket Attacks.

The Court has already found Iran liable for its provision of material support to Hezbollah, including funding. DE 54 at 12; 17. The Court's findings with respect to Iran apply with equal force to CBI, which facilitated the transfer of such funds to Hezbollah. Clawson Decl. at ¶¶ 38-40; Weinthal Decl. at ¶¶ 65-70. Iran owns and controls CBI (its central bank) and utilizes CBI to transfer funds around the world as needed to fulfill its goals, which include financing terrorism generally and Hezbollah, in particular. Clawson Decl. at ¶¶ 21-25; Weinthal Decl. at ¶¶ 59-64. As explained by Dr. Clawson, given the way Iran's financial system operates, it would not be possible for Iran to transfer funds to Hezbollah without the use of CBI's services. Clawson Decl. at ¶¶ 25; 42; *See also* Weinthal Decl. at ¶ 70.

Moreover, granting this Motion will not result in any prejudice to CBI, as CBI defaulted in the matter. It will also not require any additional judicial resources as the damages findings of the Special Master can be applied equally to all three defendants (North Korea, Iran and CBI).

\*\*\*

**WHEREFORE**, the instant motion should be granted.

Dated:  December 15, 2015                    Respectfully submitted,

                                             _____
                                             Robert J. Tolchin
                                             111 Livingston Street, Suite 1928
                                             Brooklyn, New York 11201
                                             (718) 855-3627
                                             rtolchin@berkmanlaw.com