## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHAIM KAPLAN, *et al.*, ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Civil Case No. 10-cv-483 (RCL) |
| ) | |
| CENTRAL BANK OF THE ISLAMIC ) | |
| REPUBLIC OF IRAN, *et al.*, ) | |
| Defendants ) | |

### **MEMORANDUM ORDER**

Before this Court is plaintiffs' Motion to Alter or Amend the Court's Prior Judgment, ECF No. 66, in light of a pending Motion for Reconsideration, ECF No. 63.

Plaintiffs here brought suit against the Islamic Republic of Iran ("Iran"), the Democratic People's Republic of Korea ("North Korea"), and the Central Bank of Iran ("CBI") under the state-sponsored terrorism exception to the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1602 *et seq.* ("FSIA"). This case consists of two consolidated actions: CA No.09-646 and CA No. 10-483. Plaintiffs are American nationals who were the victims of Hezbollah terrorist rocket attacks in Israel from July 12, 2006 through August 14, 2006. Defendants did not answer, and default was entered as to North Korea on May 21, 2010 (CA No. 09-646 ECF No. 18), and as to Iran on May 12, 2014 (CA No. 10-483, ECF No. 50). Plaintiffs moved for default judgment as to North Korea, Iran, and CBI on May 12, 2014 (CA No. 09-646, ECF 53; CA No. 10-483, ECF 51).

FSIA mandates that a default judgment against a foreign state may be entered only after a plaintiff "establishes his claim or right to relief by evidence that is satisfactory to the Court." 28 U.S.C. § 1608(e); see also *Flatow v. The Islamic Republic of Iran*, 999 F. Supp. 1, 6 (D.D.C. 1998).

1

Accordingly, this Court held an evidentiary hearing on May 27, 2014 concerning the liability of defendants. Based on the sworn testimony and documentary evidence at that hearing, this Court granted an entry of default judgment against North Korea and Iran on July 23, 2014. CA No. 10-483, ECF Nos. 53 & 54. Specifically, this Court found by clear and convincing evidence that Hezbollah carried out rocket attacks that injured plaintiffs, and that North Korea and Iran provided Hezbollah with material support to carry out those attacks. *Id*. This Court discussed the evidence presented at length, and noted that no evidence was provided as to CBI's liability. Accordingly, entry of default judgment against CBI was denied. *Id.*

On October 1, 2014, this Court appointed a Special Master to hear damages claims brought against the remaining defendants, Iran and North Korea, under FSIA. ECF No. 55. On December 15, 2015, over a year after the order denying default judgment as to CBI and the referral to Special Master, plaintiffs filed a Motion for Reconsideration for Entry of Default regarding Central Bank of Iran. Pls.' Mot. for Recons., ECF No. 63. In March and April 2016, the Special Master filed several reports concerning his recommendations on the various plaintiffs' damages claims. 09-646, ECF Nos. 66-69, 71-73, 75-80. On September 30, 2016, this Court issued a final judgment in favor of plaintiffs against the remaining defendants, North Korea and Iran. ECF No. 65. Plaintiffs then moved to alter or amend the judgment under Rule 59. Pls.' Mot. to Recons., ECF No. 56. Plaintiffs ask this Court to "correct its error in entering a judgment termed 'final' while the motion for reconsideration remained outstanding." *Id.* at 2. Plaintiffs, incorporating the arguments made in the Motion for Reconsideration, ask this Court to grant the Motion to Reconsider, enter default judgment against CBI, and amend its final judgment to include CBI. *Id.* at 1-2.

Because plaintiffs incorporate their arguments in the Motion to Reconsider, the Court addresses the motion to reconsider. At the outset, plaintiffs admit that they "did not present

2

evidence concerning the liability of CBI." Mem. in Supp. of Pls.' Mot. to Recons. 2, ECF No. 63. Yet incredibly, plaintiffs expressed surprise that this Court dismissed the claims against CBI "[w]ithout notice to the plaintiffs." *Id.* at 2. To the contrary, at the hearing this Court specifically asked plaintiff's counsel how it intended to establish liability for Hezbollah, Iran, North Korea, and CBI. Counsel insisted to this Court that the evidence it was presenting contained sufficient material to establish North Korea, Iran, and CBI's liability. Plaintiffs knew that this hearing was to present evidence to the satisfaction is this Court that defendants were liable under the FSIA. Yet, when plaintiffs rested their case as to liability, they had presented absolutely no evidence as to CBI's liability.

This Court cannot fathom how plaintiff's counsel can argue that CBI was dismissed "without notice and without giving [plaintiffs] an opportunity to submit evidence as to CBI's liability." Plaintiffs had ample opportunity *at the evidentiary hearing*. They failed to prove liability to the satisfaction of this Court, and this Court dismissed. The argument that this Court did not give plaintiffs an opportunity to submit evidence as to CBI's liability is ludicrous—this Court held an evidentiary hearing on May 27, 2014, heard testimony from three witnesses, and received declarations from four witnesses, and *reminded* plaintiffs' counsel that this hearing concerned liability as to CBI. Yet, while plaintiffs assured the Court that there was sufficient material to establish Iran and CBI's involvement, it presented none as to CBI. Plaintiffs did not provide evidence satisfactory to the Court as to CBI's liability and this Court properly denied default judgment and dismissed.

Conceivably, if plaintiffs were surprised by the dismissal, they could have informed the Court that they had intended to present evidence as to CBI in another manner or at another time, or requested an additional evidentiary hearing. Instead, plaintiffs waited until this Court denied

default judgment, submitted the question on damages to a special master, and received the special master's report and recommendations on damages before filing a motion to reconsider CBI's liability. This Court is disinclined to give plaintiffs two bites at the apple, particularly since the apple is now over two years old. It is therefore **ORDERED** that the Motion for Reconsideration is **DENIED**.

Considering the Motion to Alter or Amend the Judgment, and in light of this Court's refusal to reconsider the dismissal of CBI, this Court refuses to amend its final judgment to include CBI for the reasons articulated above. Plaintiffs failed to present evidence at the evidentiary hearing on CBI's liability to the satisfaction of this Court, and this Court properly denied default judgment and dismissed those claims. It is therefore **ORDERED** that the Motion to Alter or Amend the Judgment is **DENIED**.

Finally, to the extent that the Court's final judgment was not "final" while the motion for reconsideration was pending, the Court finds that the issue is now clear. Nothing remains pending before this Court.

**SO ORDERED.**

Royce C. Lamberth
United States District Judge

DATE: 10/28/16